IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| W.L. GORE & ASSOCIATES, INC., | : | |
| Plaintiff | : | |
| v. | : | CIVIL NO. L-08-54 |
| SAINT-GOBAIN PERFORMANCE PLASTICS CORPORATION | : | |
| Defendant | : | |

## MEMORANDUM

Now pending is Defendant Saint-Gobain Performance Plastic Corporation's ("Saint-Gobain") Motion to Transfer.  (Docket No. 6). Because the Motion has been comprehensively briefed, no hearing is necessary.  See Local Rule 105.6 (D. Md. 2008).  For the reasons stated herein, the Court will, by separate order, grant the Motion and transfer the case to the District of Massachusetts.[1]

**I.   Background**

The facts pertinent to the Motion are ably presented in a Memorandum and Order issued by the United States District Court for the District of Massachusetts in Saint-Gobain Performance Plastics Corp., v. Dow Corning Corp., et al., Civ. No. 07-40302-FDS (D. Mass., June 5, 2008) (Saylor, J.).  Briefly stated, on November 27, 2007, Saint-Gobain filed a patent infringement suit, Saint-Gobain Performance Plastics Corp., v. Dow Corning Corp., et al., (the

---

[1]   In its Motion, Saint-Gobain also argued that W.L. Gore & Associates' ("Gore") claim of injurious falsehood is facially insufficient and should be dismissed under Fed. R. Civ. P. 12(b)(6) and 9(g).  Following Saint-Gobain's Motion, Gore filed an Amended Complaint that states its injurious falsehood claim with more specificity.  Saint-Gobain concedes that the Amended Complaint adequately states the claim. (See Docket No. 15).  Accordingly, Saint-Gobain's motion to dismiss Gore's claim of injurious falsehood is denied as moot.

"Massachusetts Suit") in the District of Massachusetts against, among others, "Amesil, Inc. (a subsidiary of W.L. Gore & Associates, Inc.)" and several other defendants. On January 7, 2008, Gore filed the instant suit (the "Maryland Suit") against Saint-Gobain seeking (i) a declaratory judgment that Gore has not infringed the patents at issue in the Massachusetts Suit, and (ii) damages for unfair competition and other business torts. Gore alleged that it is the real party in interest because it acquired Amesil's assets and has continued Amesil's business. (Compl. ¶ 68).

Also on January 7, 2008, Gore filed a motion in the Massachusetts Suit to dismiss Amesil. In addition, Gore requested that the Court not grant Saint-Gobain leave to amend its complaint to substitute Gore as a party-defendant in place of Amesil. Arguing that the Maryland Suit was the first-filed, Gore contended that the patent suit should be litigated in Maryland. On January 8, 2008, Saint-Gobain amended its complaint in the Massachusetts Suit, adding Gore as a defendant in place of Amesil. Thereupon, Gore withdrew its motion to dismiss.

On January 29, 2008, Saint-Gobain filed the instant motion to transfer the Maryland Suit to the District of Massachusetts. The next day, on January 30, 2008, Gore filed a motion in the Massachusetts Suit to dismiss or transfer the case to the District of Maryland. The two motions raise the same issues.

**II.     Analysis**

On June 5, 2008, the United States District Court for the District of Massachusetts issued a Memorandum and Order denying Gore's motion to transfer or to dismiss. <u>Saint-Gobain Performance Plastics Corp., v. Dow Corning Corp., et al.</u>, Civ. No. 07-40302-FDS (D. Mass., June 5, 2008) (Saylor, J.). *Inter alia*, Judge Dennis F. Saylor found that the Massachusetts Suit was the first-filed, and that neither the "special circumstances" nor the "balance of convenience"

exceptions to the first-filed rule apply. Id. Continuing his analysis, Judge Saylor found that the public interest is best served by maintaining the case in Massachusetts. Id.

The Memorandum and Order in the Massachusetts Suit have no preclusive effect here. Nevertheless, this Court finds the analysis set forth in the opinion to be persuasive. Accordingly, this Court will transfer the instant case to the District of Massachusetts where it can be consolidated with the Massachusetts Suit.

### III.    Conclusion

For the forgoing reasons, the Court will grant Saint-Gobain's motion to transfer and transfer the case to the District of Massachusetts.

Dated this 20th day of August, 2008

                                                                                    _____/s/_____
                                                                                    Benson Everett Legg
                                                                                    Chief Judge